## T. E. ANGELL *v.* E. R. FLETCHER, ET AL.

October Term, 1903.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and
HASELTON, JJ.

Opinion filed April 29, 1904.

*Ejectment by Mortgagor—Possession—Eviction—Suffi-*
*ciency of Evidence—Certified Execution—V. S. 1505.*

In an action of ejectment the evidence recited in the opinion is suffi-
cient to support a finding that the plaintiff took possession of the
premises and was ejected by the defendant.

When the plaintiff prevails in an action of ejectment by a mortgagee
against the mortgagor, a certified execution may issue.

V. S. 1505, prohibiting an execution to issue against the body, has
reference only to the action for betterments.

EJECTMENT by a mortgagee. Plea, the general issue.
Trial by court at the March Term, 1903, Washington County,
*Start*, J., presiding. Judgment for the plaintiff. The defend-
ant excepted.

Upon the evidence recited in the opinion the court found
that the plaintiff had taken possession of the premises, and
had been evicted by the defendant, and rendered judgment
for the plaintiff for the seizin and possession of the premises,
and against Fletcher and the Kimballs, for $155.36, as dam-
ages by way of mesne profits and costs; and adjudged that
the cause of action arose from the wilful and malicious act of
the defendants, and that they ought to be confined in close
jail. Thereupon the defendant applied for an order staying
execution, on the ground that the plaintiff claimed title to the
premises by a deed of mortgage, the condition of which had
not been performed, under V. S. 1493-1494, and asked to have
the sum equitably due the plaintiff on said mortgage ascer-

tained.  Whereupon the court did ascertain the sum so equitably due the plaintiff, and made an order as to the times the several instalments thereof should be paid, which, if complied with would stay execution, and if complied with in full, the judgment for possession, damages and costs be vacated.

The defendant claimed there was no evidence to support the finding that plaintiff was ever in possession, or that he was evicted by the defendants, or any evidence upon which to base a close jail execution, and excepted to the judgment of the court in those respects.  The opinion states the other facts.

*Bullard* and *Morse* for the defendants.

There is no evidence that plaintiff took possession.  Possession should be taken by a distinct and unequivocal act. *Hopper* v. *Wilson,* 12 Vt. 695.

There was no evidence in the case that at the time suit was brought the defendants were rightfully in possession. Rob. Dig. Vol. 1, p. 465, § 52.

*Taylor & Dutton* for the plaintiff.

The judgment for seizin and possession was right.  After condition broken a mortgagee is entitled to possession. *Wilson* v. *Hooper, et al.,* 13 Vt. 653; *Morey, Admr.* v. *McGuire,* 4 Vt. 327; *Lull* v. *Matthews,* 19 Vt. 322; *Langdon* v. *Paul,* 22 Vt. 205; *Hager* v. *Brainerd et als.,* 44 Vt. 294; *Fuller* v. *Eddy,* 49 Vt. 11; *Hamblet* v. *Bliss,* 55 Vt. 535; *Oakman* v. *Walker,* 69 Vt. 345; V. S. 1498; *Pierce* v. *Brown,* 24 Vt. 165.

Ejectment is a tort action, and properly followed by a certified execution.  No actual malice need be found.  *Sheeran* v. *Rockwood,* 67 Vt. 82; *Barnes* v. *Tenney,* 52 Vt. 557;

*Boutwell* v. *Harriman,* 58 Vt. 516; *Judd* v. *Ballard,* 66 Vt. 668; *Mullen* v. *Flanders,* 73 Vt. 95.

The awarding of a certified execution is matter of discretion. *Smith* v. *Wilcox,* 47 Vt. 537; *Hill* v. *Cox,* 54 Vt. 627; *Soule* v. *Austin,* 35 Vt. 515; *Sartwell* v. *Soules, et al.,* 72 Vt. 270.

MUNSON, J.  The action is ejectment.  The plaintiff is a mortgagee who claims to have taken possession of the mortgaged premises after condition broken.` The defendants claimed on trial that there was no evidence tending to show that the plaintiff was ever in possession or was evicted by defendants, and excepted to the order granting a close jail certificate.

It appeared that one McKinstry had been looking after the house for defendant Fletcher, the mortgagor, and had had charge of the key, and that plaintiff had got the key of him two or three times before the occasion in question to go in and look the house over.  The plaintiff testified that on the last occasion he merely asked for the key, without saying what he wanted it for or promising to return it; that he unlocked the door and went into the house, having with him one McCloskey, to whom he then and there rented the house and delivered the key; that he saw a stove in the house, but nothing else; that they took nothing out of the house and put nothing in; that two or three days later he went there and found the house occupied by defendants Kimball as tenants of defendant Fletcher.  McKinstry, after giving his version of the procurement of the key, testified that he went to the place where plaintiff had left the key on previous occasions, and did not find it, and that he got it from somebody afterwards.  There was no evidence, except as it may be gathered from the above statement, tending to show that any

of the defendants, or McKinstry, knew what the plaintiff and McCloskey had done at the house as above stated. The court found that the plaintiff took possession of the premises and was evicted by the defendants. It is thought by a majority, the writer of the opinion dissenting, that there was evidence tending to show a sufficient taking of possession by the plaintiff and eviction by the defendants. This being so, the finding of the court below is conclusive, and the case presented is one in which a close jail certificate could properly be granted.

The claim that the granting of a certified execution is prohibited by V. S. 1505 is based upon a misapprehension as to its meaning. The judgment there referred to is that rendered in the action for betterments provided for in sections 1501-2, and the defendant referred to is the defendant in the declaration for betterments. This will be made plain by a reference to the first section of the betterment act of 1800, which contains the provisions as they stood before revision.

*Judgment affirmed.*